S. Bell *v.* P. A. Hardy & Co.

The inaction of a creditor for many years after his debtor had made a *cessio bonorum*, and who was placed on the bilan, and notice to him was placed in the post office, directed to his place of residence, afford a strong presumption that the creditor received actual notice of the proceedings.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J.

*H. Gaither*, for plaintiff and appellant.   *Hamner & Hays*, for defendants.

Buchanan, J.   In the month of February, 1854, plaintiff took out a *fieri facias*, upon a judgment recovered by him in June, 1847, against the defendant, in the Fifth District Court of New Orleans.   The defendant ruled plaintiff to show cause why his *fi. fa.* should not be quashed, on the ground that defendant had made a *cessio bonorum* in the Third District Court, in and for the parish of Jefferson, in 1848, to which cession plaintiff was a party.

The only question which we have to decide is, whether plaintiff was in fact a party to the insolvent proceedings of defendant.   A transcript of the record of *P. A. Hardy* v. *His Creditors*, is in evidence.   From this, it appears that plaintiff was put upon defendants' bilan, as creditor of two promissory notes, for five hundred dollars each (corresponding to the debt for which plaintiff had obtained judgment).   The meeting of creditors took place on the 20th of May, 1848, before a notary public, in the parish of Jefferson, who certifies, in his *proces verbal*, that the creditors mentioned in the schedule were notified by him of the time and place of meeting, by written notices delivered to each of them and put into the post office in the city of Lafayette.   The plaintiff being a resident of another parish, the proper mode of notifying him, was by a letter addressed to him by the notary.   Act of 1817, sec. 8.   Civil Code, Art. 3054.

His inaction, during so many years afterwards, affords a strong presumption, that the notice came into his hands: although the dispatch of the letter, which is proved by the notary's certificate, seems to satisfy the law.   *Moore* v. *Jacobs*, 3d La. Rep. 525.

Judgment affirmed, with costs.